T.C. Memo. 2010-192

UNITED STATES TAX COURT

ESTATE OF HENRY H. STICK, DECEASED,
MARGARET STICK PARISI, EXECUTRIX, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16383-08.                    Filed September 1, 2010.

        D's trust, the residual beneficiary of his estate,
took out a loan to pay the estate tax liability.  The
estate deducted the interest on the loan as an
administration expense under sec. 2053, I.R.C.

        <u>Held</u>:  The interest is not deductible because the
estate has not shown that the loan was necessary.

Margaret Stick Parisi, for petitioner.

<u>Terry Serena</u>, for respondent.

MEMORANDUM OPINION

NIMS, <u>Judge</u>:  Respondent determined a $371,728 deficiency in the Federal estate tax of the Estate of Henry H. Stick (estate). After concessions, the sole issue for decision is whether the estate is entitled to deduct the interest on a loan incurred to pay its Federal and State estate tax liabilities.

Unless otherwise indicated, all section references are to the Internal Revenue Code as in effect on the date of the decedent's death, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

This case was submitted fully stipulated pursuant to Rule 122.  The stipulations of the parties, with accompanying exhibits, are incorporated herein by this reference.  Ms. Parisi resided in Massachusetts when she filed the petition.

Henry H. Stick (decedent) died testate on February 12, 2004, when he was domiciled in Montgomery County, Ohio.  Decedent's Last Will and Testament named the Henry H. Stick Trust (trust) as residual beneficiary of his estate.

On November 17, 2004, the trust borrowed $1,500,000 from the Stick Foundation for the purpose of satisfying the estate's Federal and State estate tax liabilities (loan).  The principal of the loan was to be repaid after 10 years with 5.25 percent interest accruing and to be paid annually.

On May 17, 2005, the estate filed a Form 706, United States Estate (and Generation-Skipping Transfer) Tax Return. The estate's assets included $850,083 in mutual fund investments (reported on Schedule B, Stocks and Bonds), $18,144 cash in decedent's checking account, $3,799 in refunds of decedent's Federal income tax, $12,868 in life insurance proceeds, $318,075 in american depository receipts, and $750,648 in additional mutual fund investments (reported on Schedule F, Other Miscellaneous Property Not Reportable Under Any Other Schedule). The estate also held nonliquid assets totaling $1,088,844 which included real property worth $422,060 and stock in the Henry H. Stick L.L.C. worth $475,750. The estate reported funeral and administration expenses of $818,990, which included $656,250 of interest on the loan (interest expense). The estate reported a Federal estate tax liability of $1,046,600.

The trust filed Forms 1041, U.S. Income Tax Return for Estates and Trusts, for 2004, 2005, and 2006 and also claimed deductions for the interest on the loans to pay the estate tax.

On April 8, 2008, respondent issued a notice of deficiency determining an estate tax deficiency. In the notice respondent disallowed the interest expense, among other things, and determined a $371,728 deficiency. A timely petition was filed July 3, 2008.

## Discussion

Section 2053(a)(2) provides that the value of a decedent's taxable estate shall be determined by deducting from the value of the gross estate such amounts for administration expenses as are allowable by the laws of the jurisdiction under which the estate is being administered.

Respondent's first argument is that section 642(g) prohibits the estate from claiming a deduction under section 2053 for the interest expense because the trust claimed income tax deductions for the same expense. Section 642(g), however, was promulgated to disallow an income tax deduction to an estate or any other person (which includes a trust) unless the estate waives its right to the section 2053 estate tax deduction. That section was not intended to address or pertain to the estate's entitlement to an estate tax deduction. See Estate of Keitel v. Commissioner, T.C. Memo. 1990-416; Rev. Rul. 81-287, 1981-2 C.B. 183, 184.

Respondent next argues that the estate is not entitled to an interest deduction under section 2053 because it had sufficient liquid assets to pay its estate tax liabilities and its funeral and administration expenses (obligations) without borrowing to pay those obligations.

Section 20.2053-3(a), Estate Tax Regs., provides that the amount of deductible administration expenses is limited to those

expenses which are actually and necessarily incurred in the administration of the estate. See also Estate of Todd v. Commissioner, 57 T.C. 288 (1971).

The estate did not present evidence as to the amount of its State estate tax liability and did not provide a computation of its Federal estate tax liability without the interest expense deduction. There was no showing that it was actually necessary to borrow in order to meet its obligations. Having failed to show the necessity to borrow, the estate has not shown that respondent's determination was in error. See Rule 142; Welch v. Helvering, 290 U.S. 111, 115 (1933).

In addition, on the basis of the information available in the stipulated record, it appears that the estate did have sufficient liquidity to meet its obligations. The estate tax return reported liquid assets totaling $1,953,617. Excluding the interest expense, the estate reported funeral and administration expenses of $162,740 and would have had a Federal estate tax liability approximating $1,367,861. Although the amount of the estate's State estate tax liability was not established in the record, on brief, it was indicated that its liability was $193,198. Adding these three figures together, the estate would have had total obligations of only $1,723,799. Thus, the estate's liquid assets appear to have exceeded its obligations by $229,818.

Accordingly, we hold that the estate is not entitled to an administration expense deduction for interest under section 2053.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.